**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | | **Criminal No. 1:21-cr-00131 (PLF-1)** |
| | **:** | |
| | **:** | |
| **JASON GERDING** | **:** | |

---

## JASON GERDING'S OPPOSITION TO THE GOVERNMENT'S MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

Jason Gerding, through counsel, respectfully opposes the Government's Motion to Continue and To Exclude Time Under the Speedy Trial Act, ECF 20. In support of this Motion, counsel states the following facts.

1. Mr. Gerding is charged by indictment with Knowingly Entering or Remaining in any Restricted Building or Grounds; Knowingly Engaging in Disorderly Conduct in any Restricted Building or Grounds; Disorderly Conduct on Capitol Grounds; and Parading, Demonstrating or Picketing in a Capitol Building.

2. The case originated when a criminal complaint was filed on January 21, 2021.  Mr. Gerding was arrested in Illinois on January 28, 2021.  The government did not oppose Mr. Gerding's release into personal recognizance.  On February 2, 2021, Mr. Gerding came before the Magistrate Court in this District and remained on personal recognizance, with conditions.

3. As a result of this case, Mr. Gerding has lost his job and has had difficulty securing new employment.

4.  Although the government characterizes the instant case as the "largest in history" that is an inaccurate description of the case against Mr. Gerding.  Mr. Gerding is, in essence, charged with trespassing.  The charges and the evidence against him are exceptionally straight forward.

5.  The government has set forth what it describes as a plan for providing discovery to Mr. Gerding.  ECF 20 at 3.  But this plan provides no assurance to the defense that suggests that the defense will actually receive discovery in any finite period of time.  The government states that it expects to provide video discovery to Mr. Gerding in some undefined period after 60 days.  *Id.* ("Cases that do not involve detained defendants will follow [after the next thirty to sixty days.").  It then intends to provide supplemental discovery on an "ongoing basis."

6.  The government is thus requesting a sixty-day exclusion of time to provide discovery to defendants *other* than Mr. Gerding in cases *other* this one.  The government has not set forth a specific timeframe in which it intends to provide this discovery to counsel for Mr. Gerding.

7.  At previous hearings, Mr. Gerding has agreed to exclusion under the Speedy Trial Act because the government has represented that it intends to provide discovery and make a plea offer in the excluded time.  Some discovery, largely photos and videos from Mr. Gerding's phone was provided on March 16, 2021 but the majority of discovery has not been disclosed and a plea offer has not been extended.

8.  The government points out the number of law enforcement agencies that contributed to the investigation but that fact serves to underscore just how vast the government's resources are in this case.  Prosecutors have swooped in and 30 cases have been assigned

to prosecutors outside of the USAO-DC.

https://www.politico.com/news/2021/03/10/capitol-riot-court-cases-475081.  These

prosecutors have volunteered their existence, presumably because their caseloads allow

for additional work.  In contrast, the Federal Public Defender has two staff investigators,

one computer tech, no paralegals and nine lawyers, each of whom have between 7 and 10

clients relating to the Capitol on top of a caseload outsized because of limited operations

during the pandemic.

9.  The government's proposal sets up a two-part discovery production that will result in

simultaneous and voluminous production of hours of discovery that defense attorneys

will have to view.  For lawyers at the Federal Public Defender's Office, that work is

multiplied by the number of cases for each attorney.  And there is nothing in the

government's plan that notes that the government intends to identify the footage against

each defendant when the evidence is produced.

10. Given the number of cases in which the government has moved for exclusion under the

speedy trial act, it appears that the government intends to provide discovery in many of

the cases on the same day.  In other words, the defense is being asked to agree to a plan

that will result in extensive discovery disclosures in eight different cases on the same day

– a situation that is less than ideal from the defense perspective.

11. The government chose when to bring this prosecution, with the understanding that each

*individual* defendant has rights under the Speedy Trial Act.  The government brought this

case understanding that there would be voluminous, that video footage was sprawling and

that discovery must be provided.  Two months after it brought forth the initial

prosecutions in this case, the government has yet to determine how it can deliver

discovery, has yet to provide a reasonable position about protective orders and, in many cases, has not even provided police paperwork.  The government chose to prosecute Mr. Gerding in January when it had no plan to prosecute the case within the restrictions of its discovery obligations.  In turn, the government can simply dismiss this case and bring forth an indictment when it is actually ready to prosecute.

12. Thus, Mr. Gerding opposes exclusion of time under the Speedy Trial Act unless the government: 1) agrees to complete a substantial portion of discovery within 45 days; 2) agrees to complete all discovery within 70 days; and 3) identifies all videos that pertain to Mr. Gerding's case and/or the videos that the government intends to introduce in its case in chief. If the government commits to a deadlines relating to Mr. Gerding's case, Mr. Gerding will not oppose exclusion under the Speedy Trial Act for 45 days and would be inclined not to oppose further exclusion after receiving additional discovery.

### Conclusion

Wherefore, for the foregoing reasons, Mr. Gerding respectfully requests that the Court deny the Government's Motion for Exclusion of Time.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500