UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 21-0598 (PLF) |
| CHRISTINA GERDING, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant Christina Gerding appeared for sentencing on May 16, 2023, at which time the Court sentenced Ms. Gerding to twenty-four months of probation. On May 17, 2023, counsel for Ms. Gerding requested that the Court make three modifications to her probation conditions. See Motion to Modify Conditions of Probation and Points and Authority in Support Thereof ("Mot.") [Dkt. No. 99]. First, Ms. Gerding requests that the Court modify the probation condition imposing travel restrictions so that she may leave the federal judicial district where she resides – the Central District of Illinois – to travel to nearby locations in Missouri so that she may provide care for her father, who lives one town over in West Quincy, Missouri. Id. at 1-2. Second, Ms. Gerding requests that the Court modify the probation conditions restricting her from having access to firearms, because her father keeps hunting rifles in his home and Ms. Gerding regularly visits her father at his home. Id. at 2-3. Finally, Ms. Gerding asks the Court to exempt her from the drug-testing requirement. Id. at 3.

The government does not oppose the requested modification to Ms. Gerding's travel restrictions. See Government's Response to Defendant's Motion to Modify Conditions of Supervised Release ("Gov't Resp.") [Dkt. No. 100]. The government opposes the drug-testing

exemption. Id. at 2. The government also suggests that the firearms belonging to Ms. Gerding's father can be removed from his home while Ms. Gerding is on probation. Id. at 1. Ms. Gerding responds that modifying the firearm conditions would be consistent with what the Court ordered orally at sentencing. Reply to Government's Response to Defendant's Motion to Modify Conditions of Probation ("Reply") [Dkt. No. 101] at 2; see United States v. Matthews, 54 F.4th 1, 5 (D.C. Cir. 2022) ("[A] later written judgment 'is a nullity to the extent it conflicts' with the oral one.") (quoting United States v. Booker, 436 F.3d 238, 245 (D.C. Cir. 2006)). She also argues that the firearm restrictions are designed to ensure the safety of probation officers visiting Ms. Gerding's residence and that removing firearms from her father's residence does not advance this purpose. Reply at 4. Moreover, because Ms. Gerding has complied with her pretrial conditions for approximately two years and has no prior criminal history, she argues that under the circumstances, restricting her from "accessing" firearms is unnecessary. Id. at 2-4. She objects to the government's proposal that the firearms be removed from or secured in her father's house, as her father owns the firearms legally and has exclusive control over them. Id. at 4.

Because the government does not oppose modifying the travel restriction, the Court will modify Ms. Gerding's probation conditions so that she may travel outside of the Central District of Illinois without first obtaining permission from the Probation Office, so long as she remains within thirty miles of the federal judicial district where she resides. See Gov't Resp. at 1. This modification will allow Ms. Gerding to care for her father and travel throughout her community, which includes neighboring towns across the border in Missouri. Mot. at 1-2. The Court will also modify the firearm-restriction conditions, as the record does not indicate that removing the firearms from Ms. Gerding's father's house is necessary to ensure the safety of U.S. Probation Officers or other members of the public. Moreover, the government's suggestion

of removing the rifles from Ms. Gerding's father's house or securing the rifles in her father's house unnecessarily intrudes on her father's rights. See N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2156 (2022); 18 U.S.C. § 3563(b) (authorizing the Court to impose discretionary conditions of probation "to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in [18 U.S.C. §] 3553(a)(2)").

The Court declines to exempt Ms. Gerding from the drug-testing requirement. Section 3563 of Title 18 of the U.S. Code provides that the Court "shall" require that a person on probation "submit to one drug test within 15 days of release on probation and at least 2 periodic drug tests thereafter." 18 U.S.C. § 3563(a)(5). This requirement "may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant." Id. The court has "broad discretion in deciding whether to exercise its authority to ameliorate or suspend this mandatory requirement." United States v. Paul, 542 F.3d 596, 599 (7th Cir. 2008). Because Ms. Gerding self-reported that she uses marijuana twice per month, the Court concludes that imposing the mandatory drug-testing condition is appropriate. See Presentence Investigation Report [Dkt. No. 87] at 10. Accordingly, Ms. Gerding is directed to "submit to one drug test within 15 days of release on probation." 18 U.S.C. § 3563(a)(5). The Probation Office may require no more than two periodic drug tests thereafter. Id.; see United States v. Garcia, 522 F.3d 855, 861 (9th Cir. 2008) ("[D]istrict courts that seek to impose more than the statutory minimum [number of] drug tests must explicitly do so at sentencing.").

These modified conditions will be reflected in the Judgment. Accordingly, it is hereby

3

ORDERED that Ms. Gerding's Motion to Modify Conditions of Probation and Points and Authority in Support Thereof [Dkt. No. 99] is GRANTED IN PART and DENIED IN PART; it is

FURTHER ORDERED that Standard Condition of Supervision 3 shall provide as follows: "You must not knowingly travel more than thirty miles outside the federal judicial district where you are authorized to reside without first getting permission from the court or probation officer;" it is

FURTHER ORDERED that Standard Condition of Supervision 10 shall provide as follows: "You must not own or possess a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers);" it is

FURTHER ORDERED that the Special Conditions of Supervision shall provide as follows: "You shall remove firearms, destructive devices, or other dangerous weapons from your home. You shall refrain from possessing firearms, destructive devices, or other dangerous weapons until the term of supervision expires;" and it is

FURTHER ORDERED that Ms. Gerding shall submit to one drug test to be administered by the Probation Office and shall submit to no more than two periodic drug tests as determined by the Probation Office.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 6/6/23