UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case. No. 1:21-cr-00131-PLF |
| JASON GERDING, | ) ) ) | |
| Defendant. | ) ) | |

**MOTION FOR RETURN OF PROPERTY**

Mr. Jason Gerding, through undersigned counsel, respectfully requests this Honorable Court, pursuant to Fed. R. of Crim. P. 41(g), to order that the Federal Bureau of Investigation (FBI) return items seized during its search of Mr. Gerding's home on January 28, 2021. In support of this motion, Mr. Gerding respectfully submits the following:

**STATEMENT OF RELEVANT FACTS**

Mr. Gerding was charged with 40 U.S.C. § 5104(e)(2)(G) for his conduct on January 6, 2021. Mr. Gerding was arrested on January 28, 2021 and at the time of his arrest the FBI seized his electronics along with other items in his home. Mr. Gerding was sentenced in the instant matter on June 7, 2023 to twenty four months of probation.

He now seeks the return of property belonging to him that was seized during the January 28, 2021 search. This property includes, (1) Apple iPhone YR with pink case; (2) Google Pixel 4; (3) Hero GoPro with SD card and adjustable GoPro stick; (4) Lenovo ThinkPad laptop; (5) Grey MacBook Model A2159; (6) Lenovo Tower; (7) red colored sweatshirt; (8) red, white, and blue colored Trump hat; (9) brown Wolverine boots, size 10.5; (10) miscellaneous USB drives; (11) pink Under Armour Surge tennis shoes, size 9.5; (12) red colored Trump logo t-shirt large;

(13) black colored gloves; (14) blue colored stars and stripes knitted gloves; (15) blue and red colored mask with Trump logo. The fifteen items are presently in the custody of the FBI. Repeated requests to the prosecutors in this case have been ignored.

## ARGUMENT

Federal Rule of Criminal Procedure 41(g) allows "a person aggrieved […] by the deprivation of property [to] move for the property's return." Fed. R. Crim. P. 41(g). After seized property is "no longer needed by the government," "the court must return it" to the rightful owner. *See Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015); *United States v. Wright*, 610 F.2d 930, 939 (D.C. Cir. 1979) ("The court is obligated to restore the status quo ante"). After the conclusion of criminal proceedings, the court should order the return of all property that is not contraband. *See United States v. Farrell*, 606 F.2d 1341, 1343 (D.C. Cir. 1979)("general rule . . . that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated"); *United States v. Wilson*, 540 F.2d 1100, 1101 (D.C. Cir. 1976) ("the district court has both the jurisdiction and duty" to return "to the defendant property seized from him in the investigation but which is not alleged to be stolen, contraband, or otherwise, forfeitable, and which is not needed, or is no longer needed, as evidence").

This Court has the jurisdiction and equitable authority to return Mr. Gerding's property. The Court should construe a Rule 41(g) motion "made after criminal proceedings have terminated" as a "civil complaint requesting equitable relief in the form of the property's return." *Ford-Bey v. United States*, No. 19-2039-BAH, 2020 WL 32991 at *7 (D.D.C. January 2, 2020). Accordingly, the Court should exercise its equitable power to return the seized property, so long as the motion is brought in the district where venue is proper under 28 U.S.C. § 1391(e)(1). *See id.* at *11-13 ("Even if venue for some claimed items may be proper in the Eastern District of Virginia, a 'substantial part of the events or omissions giving rise to the claim occurred[ ]' in the

District of Columbia" so venue in D.C. is proper). Although the search warrant was executed at Mr. Gerding's home in Illinois, all criminal proceedings took place in the District of Columbia and thus venue is proper here.

Mr. Gerding is clearly entitled to the return of his electronics and clothing, as the items are no longer of use to the government because he has been sentenced.

## CONCLUSION

For the foregoing reasons, therefore, Mr. Gerding requests that the Court grants this motion and order the return of property belonging to him seized by the FBI on January 28, 2021.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER
_____/s/_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500